UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 07-232 (SRC) |
| Plaintiffs | |
| v. | |
| | OPINION & ORDER |
| **ALIF BASS,** | |
| Defendant | |

This matter having come before the Court by way of the defendant's motion for reconsideration of the Order dated April 5, 2007, which granted the motion of the United States to detain the defendant pending trial;

and the Hon. Stanley R. Chesler having referred this motion to the Undersigned;

and the Court having considered the April 5, 2007 Order, the record of proceedings, and the parties submissions;[1]

---

[1] In support of his motion, the defendants argues that the Court should reconsider its April 5, 2007 Order to detain him because its analysis was not consistent with 18 U.S.C. § 3142(f) and the dictates of United States v. Himler, 797 F.2d 156 (3d Cir. 1986). First, he argues that there is no evidence that he will commit an offense identified in Section 3142(f) if released and that such a finding is necessary to order pretrial detention. Second, and relatedly, he argues that Himler's rationale and its requirement that proof of such recidivism is necessary despite the amendments to the Bail Reform Act. Third, the defendant argues that the Court should reconsider its detention decision given the absence of any allegations that he used a firearm in a violent manner, the absence of current history of violent behavior and the presence of proof that he is not a flight risk.

In response the United States argues that the defendant cannot meet the high burden to obtain reconsideration, he has presented no new facts or changed circumstances, the Court's analysis was proper under the Bail Reform Act, and Himler does not require the Government to prove or the Court to find that he will commit an offense enumerated in subsection 3142(f)(1) to

and the Court deciding this matter without oral argument pursuant to Local Civ. R. 78.1, which applies in criminal cases, see Local Crim. R. 1.1;

and a Motion for Reconsideration (a/k/a Motion for reargument)[2] being governed by Local Civil Rule 7.1(i);[3]

and Local Civ. R. 7.1(i) providing for the reargument of an order if the motion is filed within 10 days (excluding weekends and holidays) after entry of the disputed order;

and the docket reflecting that the Order was entered on April 5, 2007 and the motion for reconsideration was filed on August 13, 2007 and therefore the motion is untimely and is procedurally barred;

and the Court noting that even if the motion was timely, the Court finding that the defendant has failed to show reconsideration is warranted;

and the Court noting that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also Shoenfeld Asset Mgt. v. Cendent Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Authority Trans-Hudson, 2003 WL 22001196, at * 2 (D.N.J. Aug. 18, 2003);

---

detain him. The United States also argues that the defendant's community ties are insufficient to secure his release when taken together with his history of committing offenses while on court-imposed terms of release, his use of aliases, history of felony convictions, and the significant penalties he faces if convicted of the offenses in the Indictment.

[2]The terms "reargument" and "reconsideration" are used interchangeably and that Rule 7.1(i) governs both. Local Civ. R. 7.1, comment 6(a); see, e.g., Hernand v. Beeler, 129 F. Supp. 2d 698, 701 (D.N.J. 2001).

[3]Local Crim. Rule 1.1 provides that certain Local Civil Rules apply in criminal cases, including the Local Civil Rule 7.1(i).

and a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, see United States v.Abdullah, 2007 WL 1816010 * (D.N.J. June 21, 2007); Database America v. Bellsouth Advertising & Publ'g., 825 F. Supp. 1216, 1220 (D.N.J. 1993)(citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); Carmichael v Everson, 2004 WL 1587894 (D.N.J. 2004);

and Local Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990);

and a motion for reconsideration being improper when it is used "to ask the Court to rethink what it had already thought through -- rightly or wrongly," see Ciba-Geigy Corporation v. Alza Corporation, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993); Oritani Sav. & Loan v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993);

and because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986); Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 634 (D.N.J. 1996);

and the defendants not arguing that there have been new facts or an intervening change in the law;

and the Court finding that the legal arguments now presented could have been presented

3

earlier and a "motion for reconsideration is not an opportunity for the parties to engage in an endless debate over previously litigated arguments," United States v. Garcia, 2000 U.S. Dist. LEXIS 6992 at * 3 (D. Del. Apr. 5, 2000);

and the Court incorporating by reference its findings on the record on April 5, 2007 and in its Order dated April 5, 2007;

and for the reasons set forth herein;[4]

---

[4] The Court finds that there is no basis to reconsider the April 5, 2007 Order. Contrary to the defendant's assertion, the Himler decision does not support his request for reconsideration. Based upon the statute in effect in 1986, the Himler Court observed "it is reasonable to interpret the statute as authorizing detention only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute." Himler 797 F.2d at 160.  In United States v. Oliveri, 806 F.2d 61, 62 (3d Cir. 1986), the appellate court stated that Himler provides that "a finding of dangerousness under the Bail Reform Act of 1984, 18 U.S.C. 3142(e), is authorized only in cases where there is a danger of recidivism in one or more of the crimes actually specified by the bail statute, that is, crimes of physical violence or drug trafficking."

When Himler was decided, the number of offenses set forth in the statute were limited. The statute has been amended to include offenses against minors and felony offenses involving the possession of firearms.  Specifically, the statute now identifies the following offenses:

> (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;
>
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>
> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or

> involves a failure to register under section 2250 of Title 18, United States Code . . .

18 U.S.C.§ 3142(f)(1).   Thus, after <u>Himler</u>, the Congress added to subsection (f)(1) cases involving felonies involving the possession of firearms.   The statute also sets forth situations in which detention pending trial is presumed to be warranted.  18 U.S.C. § 3142(e).   The statute provides:

> In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that–
>
> (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and
>
> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.
>
> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, an offense under section 924(c), 956(a), or 2332b of this title, or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed or an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

18 U.S.C.A. § 3142(e)

Here, the Court applied the language of the statute to the facts presented and concluded that detention was warranted whether or not a rebuttable presumption exists.  The Court was presented with a situation where it was required to consider whether or not the rebuttable presumption of detention applied to this case under subsection (e).  The defendant has presented no new evidence that supports reconsideration of the findings that the defendant's case involves 1)

5

an offense set forth in subsection (f) (1), namely the felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) he was previously convicted of one or more state offenses that would constitute a subsection (f)(1) offense if the circumstances giving rise to federal jurisdiction existed, namely possession of controlled dangerous substances with intent to distribute on school property, which carries a maximum penalty of ten year or more if prosecuted under federal law; (3) the conviction for this offense occurred on July 12, 2004, which is less than five years before the instant offenses, which are alleged to have occurred on May 21, 2006 and August 22, 2006; and (4) the offense committed on August 22, 2006 occurred while the defendant was pending trial for the felony drug offense for which he was arrested on July 24, 2006. The Court finds there is a rebuttable presumption that no condition or combination of conditions exist that will assure the defendant's appearance at trial or the safety of the community. The Court is not required to make a separate finding of proof of recidivism to support its detention finding in a "presumption case." Rather, it must examine the other facts to determine if the presumption has been rebutted. The Court did so and finds the presumption unrebutted.

Thus, this case differs from Himler, as Himler did not involve an offender charged with an offense that triggered the rebuttable presumption but rather involved a motion for detention based upon risk of flight. Himler, 797 F.2d at 158. Thus, the statute in effect when Himler was decided and the fact that Himler did not involve a rebuttable presumption distinguishes it from the instant case and it does not provide law that was overlooked and whose applications would have dictated a different result. Furthermore, the record would support the finding that Himler discussed. The record shows that there is a danger of recidivism in one or more of the crimes actually specified by the bail statute, that is, drug trafficking or possession of firearms. The defendant has prior drug convictions and is alleged to have committed three separate firearms possession offenses and a felony drug offense during a four-month period between May, 2006, when he is alleged to have possessed two firearms and ammunition, July 2006, when he is alleged to have committed a felony drug offense and August, 2006, where he is alleged to have possessed firearms and ammunition on two separate occasions. Therefore, even under Himler, detention is warranted.

Moreover, for the reasons stated on April 5, 2007 and set forth in the April 5, 2007 Order, detention is proper even if the rebuttable presumption did not exist. The defendant's more than a dozen prior arrests and multiple convictions, his track record of noncompliance with court-ordered conditions of release, which appears to include arrests while on parole supervision and bail, prior bail jumping allegations, the significant penalties he faces if convicted of the offenses charged, the circumstances in which the alleged offenses occurred, namely having occurred during a pattern of alleged criminal activity involving the firearms and drugs on four separate occasions between May, 2006 and August, 2006, all provide a basis for the court to conclude that there is a risk of nonappearance, danger and noncompliance with court-order conditions of pretrial release

and for good cause shown

IT IS on this 20th day of August 2007

ORDERED that the defendant's motion for reconsideration of the Order dated April 5, 2007 [Docket Entry No. 14] is denied.

s/ Patty Shwartz<br>
United States Magistrate Judge